

1   SHAB D. KERENDIAN, State Bar No. 183057
    SHAWN S. KERENDIAN, State Bar No. 251655
2   **KERENDIAN & ASSOCIATES**
    **A Professional Law Corporation**
3   **11755 Wilshire Blvd., 15th Floor**
    **Los Angeles, California 90025**
4   **Phone: (310) 914-4143**

5   Attorneys for Plaintiff, XYZ Distributors, Inc.

6

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11  XYZ DISTRIBUTORS, INC., a            Case No.: **CV09-3069 GHK (CTx**
    California corporation;
12                                       **COMPLAINT FOR:**
            Plaintiff,                   **1. BREACH OF WRITTEN**
13                                          **CONTRACT;**
14  vs.                                  **2. FRAUD AND DECEIT;**
                                         **3. RESTITUTION;**
15  RETAIL SERVICE ASSOCIATES,           **4. CONVERSION;**
    INC., a Connecticut corporation;     **5. IMPOSITION OF**
16  MARK J. ROSEMEYER, an individual;       **CONSTRUCTIVE TRUST; and**
17  KIM LA FRENIER, an individual;       **6. DECLARATORY RELIEF.**
    ANTHONY CERINO III, an individual;
18  MAURINE CERINO, an individual;
19  KEVIN KRANKALL, an individual;
    SCOTT GREENBERG, an individual;      **JURY TRIAL REQUESTED**
20  JOHN BARRETT, an individual; TD
    BANK, N.A., a.k.a. TD BANKNORTH,
21  an entity of unknown origin; CAPITAL
22  RECOVERY GROUP, LLC, a
    Connecticut limited liability company;
23  RECEIVABLE MANAGEMENT
24  CORPORATION, a Massachusetts
    corporation; and DOES 1 through 40,
25  inclusive,
26
            Defendants.
27

28

                                 1

Plaintiff complains for causes of action against Defendants named herein, and each of them, and alleges as follows:

## GENERAL ALLEGATIONS

1.   Jurisdiction. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.   Venue. The claims arose in this district and Plaintiff resides in this district.

3.   Plaintiff, XYZ Distributors, Inc. ("Plaintiff"), is a corporation organized under the laws of the State of California, with its principal place of business in the County of Los Angeles, State of California. Plaintiff is an importer/exporter of wholesale general merchandise and goods.

4.   Defendant, Retail Service Associates, Inc. ("RETAIL"), is a corporation organized under the laws of the State of Connecticut, with its principal place of business in the City of Milford, County of New Haven, State of Connecticut. RETAIL has represented itself to the community as a "family business" and as one of the nation's leading suppliers of health, beauty and general merchandise products. RETAIL has represented that its clientele includes supermarkets, combo stores, grocery stores, drug chains, independent food and drug stores, wholesalers and e-tailers.

5.   Defendant, Mark Rosemeyer ("ROSEMEYER"), is an individual residing in the State of Connecticut. Plaintiff is informed, believes and thereon alleges that at all

times mentioned herein, ROSEMEYER was the Senior Vice President of Sales for RETAIL.

6.     Defendant, Kim La Frenier ("LA FRENIER"), is an individual residing in the State of Connecticut. Plaintiff is informed, believes and thereon alleges that at all times mentioned herein, LA FRENIER was an officer of RETAIL.

7.     Defendant, Anthony Cerino III ("ANTHONY"), is an individual residing in the State of Connecticut. Plaintiff is informed, believes and thereon alleges that at all times mentioned herein, ANTHONY was the President of RETAIL.

8.     Defendant, Maurine Cerino ("MAURINE"), is an individual residing in the State of Connecticut. Plaintiff is informed, believes and thereon alleges that at all times mentioned herein, MAURINE was an officer of RETAIL.

9.     Defendant, Kevin Krankall ("KRANKALL"), is an individual residing in the State of Connecticut. Plaintiff is informed, believes and thereon alleges that at all times mentioned herein, KRANKALL was the Director of Programming for RETAIL.

10.     Defendant, Scott Greenberg ("GREENBERG"), is an individual residing in the State of Connecticut. Plaintiff is informed, believes and thereon alleges that at all times mentioned herein, GREENBERG was the Chief Operating Officer and Vice President of RETAIL.

11.     Defendant, John Barrett ("BARRETT"), is an individual residing in the State of Connecticut. Plaintiff is informed, believes and thereon alleges that at all times mentioned herein, BARRETT was an officer of RETAIL.

12.     Defendant, TD Bank, N.A., a.k.a. TD Banknorth ("BANK") is an entity of unknown origin. Plaintiff is informed, believes and thereon alleges that BANK's principal place of business is in the City of Plantsville, County of Hartford, State of Connecticut. BANK is a financial institution and is in the business of banking. Plaintiff is informed, believes and thereon alleges that BANK has foreclosed and received property from RETAIL, including Plaintiff's property.

13.     Defendant, Capital Recovery Group, LLC ("CAPITAL"), is a limited liability company organized under the laws of the State of Connecticut, with its principal place of business in the City of Enfield, County of Hartford, State of Connecticut. CAPITAL is in the business of appraisal and disposition of industrial and commercial assets through auctions. Plaintiff is informed, believes and thereon alleges that BANK has transferred Plaintiff's property to CAPITAL with the intent of having CAPITAL sell such property at auction for the benefit of BANK.

14.     Defendant, Receivable Management Corporation ("RECEIVABLE"), is a corporation organized under the laws of the State of Massachusetts, with its principal place of business in the City of Woburn, County of Middlesex, State of Massachusetts.

RECEIVABLE is in the business of providing collections and billing services, and has been retained by RETAIL to recover its accounts receivable and goods from debtors.

15.   The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants, DOES 1 through 40, inclusive, are unknown to Plaintiff at the present time. Plaintiff therefore sues said Defendants by such fictitious names and will seek leave of Court to amend this Complaint to set forth their true names and capacities thereof, when the same has been ascertained.

16.   Defendants, and each of them, were and are the agents, servants, representatives, and/or employees of each of the other Defendants herein, and were at all times acting within the course and scope of such agency, representation and employment and with the permission and consent of each of said Defendants. Specifically, ROSEMEYER, LA FRENIER, ANTHONY, MAURINE, KRANKALL, GREENBERG, BARRETT and RECEIVABLE are officers and/or agents of RETAIL. Specifically, CAPITAL is an agent of BANK.

17.   Plaintiff is informed and believes, and upon such information and belief alleges, that each of the Defendants, including DOES 1 through 40, inclusive, were, at all times herein mentioned, acting in concert with, and in conspiracy with, each and every one of the remaining Defendants.

18.   Wherever appearing in this Complaint, each and every reference to Defendants and to any of them, is intended to be and shall be a reference to all

Defendants hereto, and to each of them, named and unnamed, including all fictitiously named Defendants, unless said reference is otherwise specifically qualified.

## FIRST CAUSE OF ACTION

### Breach of Written Contract

### (By Plaintiff against Defendants, RETAIL, and DOES 1 through 10)

19.   Plaintiff repeats and incorporates by reference the allegations set forth in the paragraphs above.

20.   On January 7, 2009, Plaintiff prepared Purchase Order #10969 (the "PURCHASE ORDER") for the purchase of health, beauty and general merchandise products (the "GOODS") from RETAIL totaling $211,690.80. An officer of Plaintiff approved and signed the PURCHASE ORDER on January 13, 2009, and the PURCHASE ORDER was delivered to RETAIL on the same day.  A copy of the PURCHASE ORDER is attached herein as <u>Exhibit 1</u> and is incorporated by reference.

21.   On the same day, January 13, 2009, ROSEMEYER, as an agent of RETAIL, sent an email to Plaintiff and attached Invoice Number I563000 which confirmed the PURCHASE ORDER, and added an additional $2,945.75 for freight charges, for a total price of $214,636.55 (the "CONFIRMATION"). A copy of the CONFIRMATION is attached herein as <u>Exhibit 2</u> and is incorporated by reference. In the email, ROSEMEYER stated the following: "As soon as we receive the first half payment of $107,318.28, we will place the order with L'Oreal and Maybelline and get

the product shipped to our warehouse. Shipment to our warehouse from L'Oreal and Maybelline normally takes 7 to 10 days." A copy of such email dated January 13, 2009 from ROSEMEYER to Plaintiff is attached herein as Exhibit 3 and is incorporated by reference.

22.   On January 20, 2009, Plaintiff made a payment to RETAIL via wire transfer in the requested amount of $107,318.28. A copy of the wire transfer confirmation showing that Plaintiff transferred the amount of $107,318.28 to RETAIL is attached herein as Exhibit 4 and is incorporated by reference.

23.   As such, assuming ten (10) days delivery of the GOODS to RETAIL from January 20, 2009, and another ten (10) days delivery to Plaintiff, the merchandise should have been received by Plaintiff no later than Monday, February 9, 2009. Based upon prior dealings between Plaintiff and RETAIL, it would generally take up to three (3) weeks for the items ordered to be delivered after RETAIL received payment.

24.   Plaintiff is informed, believes, and thereon alleges that RETAIL breached the above mentioned agreements, or parts thereof, by failing and refusing to deliver the GOODS to Plaintiff; by failing and refusing to give Plaintiff adequate assurances that the GOODS would be delivered; by failing and refusing to give Plaintiff status of the delivery after reasonable request; by failing to inform Plaintiff that RETAIL would not be able to procure the GOODS in a timely fashion; by withholding information on the financial condition of RETAIL; etc.

25.    Plaintiff has fully performed all conditions, covenants and promises on its part to be performed, except in so far as such performance has been prevented by the acts and omissions of RETAIL and DOES 1 through 10.

26.    The reasonable fair market value of the GOODS that Plaintiff would receive by selling the GOODS to its clients is $253,271.13. Plaintiff's total cost would be the contract price of $214,636.55, which would leave profits in the amount of $38,634.58, which Plaintiff reasonably expected to receive.

27.    As a factual and legal result of the above, Plaintiff has been damaged in the amount of $107,318.28 (the amount Plaintiff paid) plus $38,634.58 (expected profits), for a total of $145,952.86, which represents an amount which will compensate Plaintiff for all the detriment proximately caused by RETAIL, or which, in the ordinary course of things, would be likely to result therefrom, together with interest on the such sum at the legal rate of ten percent (10%) per year from February 9, 2009, and costs of suit.

## SECOND CAUSE OF ACTION

### Fraud and Deceit

**(By Plaintiff against Defendants, RETAIL, ROSEMEYER, LA FRENIER, ANTHONY, MAURINE, KRANKALL, GREENBERG, BARRETT and DOES 11 through 20)**

28. Plaintiff repeats and incorporates by reference the allegations set forth in the paragraphs above.

29. RETAIL, ROSEMEYER, KELLY, LA FRENIER, ANTHONY, MAURINE KRANKALL, GREENBERG, BARRETT and DOES 11 through 20 knew or reasonably should have known that RETAIL was not in a sound financial situation and that it would not be able to perform its duties under the agreements between the parties, i.e., delivery of the GOODS in the agreed upon timeframe. RETAIL, ROSEMEYER, KELLY, LA FRENIER, ANTHONY, MAURINE KRANKALL, GREENBERG, BARRETT and DOES 11 through 20 fraudulently concealed and intentionally failed to disclose the above material information to Plaintiff in an attempt to extort money from Plaintiff.

30. RETAIL, ROSEMEYER, KELLY, LA FRENIER, ANTHONY, MAURINE KRANKALL, GREENBERG, BARRETT and DOES 11 through 20 had a duty to exercise reasonable care in the above-mentioned business transaction and to disclose to Plaintiff before the transaction was consummated facts basic to the transaction, including but not limited to that Plaintiff was entering into the transaction under a mistake as to the facts, and/or that Plaintiff, because of the relationship between the parties and the customs of the trade, reasonably expected a disclosure of such facts.

31.   Plaintiff, having no personal knowledge of the financial condition of RETAIL and its ability to perform its obligations under the agreements, relied on the representations of RETAIL, ROSEMEYER, KELLY, LA FRENIER, ANTHONY, MAURINE KRANKALL, GREENBERG, BARRETT and DOES 11 through 20 in entering into the agreements and sending payment to RETAIL in the amount of $107,318.28.

32.   As a factual and legal result of the above, Plaintiff has been damaged in the amount of $145,952.86, which represents the amount which will compensate Plaintiff for all the detriment proximately caused by RETAIL, ROSEMEYER, KELLY, LA FRENIER, ANTHONY, MAURINE KRANKALL, GREENBERG, BARRETT and DOES 11 through 20 or which, in the ordinary course of things, would be likely to result therefrom, together with interest on such sum at the legal rate of ten percent (10%) per year from February 9, 2009, punitive or exemplary damages in an amount determined by the Court to be reasonable as authorized by California Civil Code § 3294, and costs of suit.

## THIRD CAUSE OF ACTION

### Restitution

### (By Plaintiff against Defendants, RETAIL, ROSEMEYER, KELLY, LA FRENIER, ANTHONY, MAURINE KRANKALL, GREENBERG, BARRETT and DOES 11 through 20)

33.   Plaintiff repeats and incorporates by reference the allegations set forth in the paragraphs above.

34.   RETAIL, ROSEMEYER, KELLY, LA FRENIER, CERINO KRANKALL, GREENBERG and DOES 11 through 20 were enriched as a result of the agreements mentioned above, and by not providing the benefits Plaintiff deserved and expected to receive pursuant to the agreements and representations made by RETAIL, ROSEMEYER, KELLY, LA FRENIER, ANTHONY, MAURINE KRANKALL, GREENBERG, BARRETT and DOES 11 through 20 based upon which Plaintiff justifiably relied in performing.

35.   RETAIL, ROSEMEYER, KELLY, LA FRENIER, ANTHONY, MAURINE KRANKALL, GREENBERG, BARRETT and DOES 11 through 20 refused to provide benefits of the above-mentioned agreements, which Plaintiff reasonably expected to receive from them.

36.   Plaintiff has fully performed all conditions, covenants and promises on its part to be performed, except in so far as such performance has been prevented by the acts and omissions of RETAIL, ROSEMEYER, KELLY, LA FRENIER, ANTHONY, MAURINE KRANKALL, GREENBERG, BARRETT and DOES 11 through 20.

37.   Plaintiff is entitled to recover a sum equal to the reasonable value of the benefits and advantages it conferred upon RETAIL, ROSEMEYER, KELLY, LA FRENIER, ANTHONY, MAURINE KRANKALL, GREENBERG, BARRETT and

1  DOES 11 through 20, and each of them (i.e., $107,318.28 plus interest on such sum at

2  the legal rate of ten percent (10%) per year from January 20, 2009), or its reasonable

3

4  expectations under the agreements (i.e., $145,952.86 plus interest on such sum at the

5  legal rate of ten percent (10%) per year from February 9, 2009), plus costs of suit, if

6

7  such contracts are later determined void for any reason.

8  ### FOURTH CAUSE OF ACTION

9  **Conversion**

10

11  **(By Plaintiff against Defendants, BANK, CAPITAL and DOES 21 through 30)**

12        38.    Plaintiff repeats and incorporates by reference the allegations set forth in

13
   the paragraphs above.
14

15        39.    Plaintiff is the owner entitled to possession of certain personal property

16  consisting of the GOODS.

17
         40.    Plaintiff is informed, believes and thereon alleges that BANK acquired
18

19  possession of the GOODS from RETAIL. Plaintiff is further informed, believes and

20  thereon alleges that BANK has transferred possession of the GOODS to CAPITAL.

21
   Plaintiff is further informed, believes and thereon that CAPITAL intends to sell, or has
22

23  already sold, the GOODS belonging to Plaintiff at auction, without Plaintiff's consent.

24
         41.    Plaintiff has informed BANK and CAPITAL that the GOODS belong to it,
25

26  that BANK and CAPITAL must deliver the GOODS to Plaintiff and that BANK and

27

28

CAPITAL should not sell the GOODS. BANK and CAPITAL have ignored Plaintiff's requests.

42. If BANK and CAPITAL have sold the GOODS at an auction sale, BANK and CAPITAL have done so despite the knowledge that the GOODS were the property of Plaintiff and that Plaintiff was entitled to possession of such property. Despite this knowledge, BANK and CAPITAL proceeded to conduct the auction sale wrongfully, maliciously and with the intent to injure Plaintiff.

## FIFTH CAUSE OF ACTION

### Imposition of Constructive Trust

### (By Plaintiff against Defendants, CAPITAL, RECEIVABLE, BANK and DOES 31 through 40)

43. Plaintiff repeats and incorporates by reference the allegations set forth in the paragraphs above.

44. Plaintiff is informed, believes and thereon alleges that RECEIVABLE is retained by RETAIL to recover its accounts receivable or goods from third party creditors. As such, RECEIVABLE is in possession of funds or goods that rightfully belong to Plaintiff.

45. By reason of the foregoing facts, CAPITAL, RECEIVABLE, BANK and DOES 31 through 40 hold the GOODS as constructive trustees for the benefit of Plaintiff.

46.    It is unknown whether CAPITAL and BANK are still in the possession of the GOODS, or if they have sold the GOODS at auction. If the GOODS were sold at auction, the uses to which CAPITAL and BANK have placed the funds held for the benefit of Plaintiff and related amounts are known only to CAPITAL and BANK and not to Plaintiff. Accounting is necessary to determine the amounts and the property that CAPITAL and BANK hold as constructive trustees for Plaintiff's benefit.

47.    It is further unknown the uses to which RECEIVABLE has placed the funds held for the benefit of Plaintiff and related amounts are known only to RECEIVABLE and not to Plaintiff. Accounting is necessary to determine the amounts and the property that RECEIVABLE holds as constructive trustee for Plaintiff's benefit.

## SIXTH CAUSE OF ACTION

### Declaratory Relief

### (By Plaintiff against All Defendants)

48.    Plaintiff repeats and incorporates by reference the allegations set forth in the paragraphs above.

49.    There is a dispute between Plaintiff and Defendants regarding the whereabouts of the GOODS belonging to Plaintiff, and whether a trustee/beneficiary relationship is in effect between any Defendant and Plaintiff.

14

50.     At this time, a ripe and important dispute exists between Plaintiff and Defendants and Plaintiff respectfully requests that the Court determine the rights and duties of the parties pursuant to the agreements mentioned by above.


WHEREFORE, Plaintiff demands judgment against Defendants for:


## PRAYER

### First Cause of Action for Breach of Written Contract

1.     For compensatory damages in the amount of $145,952.86;

2.     For interest on the sum of $145,952.86 at the legal rate of ten percent (10%) per year from February 9, 2009;

3.     For restitution according to proof;

4.     For costs of suit; and

5.     All other relief the Court deems just and proper.

### Second Cause of Action for Fraud and Deceit

1.     For compensatory damages in the amount of $145,952.86;

2.     For interest on the sum of $145,952.86 at the legal rate of ten percent (10%) per year from February 9, 2009;

3.     For punitive or exemplary damages in an amount determined by the Court to be reasonable as authorized by California Civil Code § 3294;

4. For costs of suit; and

5. All other relief the Court deems just and proper.

## Third Cause of Action for Restitution

1. For restitution in the amount of $145,952.86 plus interest on such sum at the legal rate of ten percent (10%) per year from February, 2009; or alternatively, for restitution in the amount of $107,318.28 plus interest on such sum at the legal rate of ten percent (10%) per year from January 20, 2009;

2. For costs of suit; and

3. All other relief the Court deems just and proper.

## Fourth Cause of Action for Conversion

1. Damages for the value of the converted property at the time of its conversion in the amount of $253,271.13;

2. Prejudgment interest on the value of the property from the date of conversion pursuant to California Civil Code § 3336;

3. Damages for the time and money properly expended in pursuit of the converted property;

4. For punitive or exemplary damages in an amount determined by the Court to be reasonable;

5. For costs of suit; and

6.    All other relief the Court deems just and proper.

## Fifth Cause of Action for Imposition of Constructive Trust

1.    Declaring CAPITAL as constructive trustees and Plaintiff as beneficiary of the goods and merchandise;

2.    Ascertaining the precise nature, extent and value of any assets, including real property, acquired or accumulated by CAPITAL from the sale of the GOODS, if any;

3.    Interest as allowed by law;

4.    For costs of suit; and

5.    All other relief the Court deems just and proper.

## Sixth Cause of Action for Declaratory Relief

1.    Resolution of the dispute between Plaintiff and Defendants regarding the whereabouts of the GOODS belonging to Plaintiff;

2.    Resolution of the dispute between Plaintiff and Defendants regarding whether a trustee/beneficiary relationship is in effect between Plaintiff and any Defendant;

3.    For costs of suit; and

4.    All other relief the Court deems just and proper.

///

///

1    DATED: April 28, 2009                    KERENDIAN & ASSOCIATES, INC.

2

3                                             By: _____

4                                             SHAB D. KERENDIAN,
                                              SHAWN S. KERENDIAN,
5                                             Attorneys for Plaintiff

6

7

8
                              **DEMAND FOR JURY TRIAL**
9
            Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal
10
     Rules of Civil Procedure.
11

12

13   DATED: April 28, 2009                    KERENDIAN & ASSOCIATES, INC.

14

15                                            By: _____

16                                            SHAB D. KERENDIAN,
                                              SHAWN S. KERENDIAN,
17                                            Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Carolyn Turchin.

The case number on all documents filed with the Court should read as follows:

## CV09- 3069 GHK (CTx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

SHAB D. KERENDIAN, State Bar No. 183057
SHAWN S. KERENDIAN, State Bar No. 251655
KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, California 90025
Tel. (310) 914-4143    Fax. (310) 914-5441

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XYZ DISTRIBUTORS, INC., a California corporation<br><br>PLAINTIFF(S)<br>v.<br>RETAIL SERVICE ASSOCIATES, INC., a Connecticut corporation, et al.<br>See Attachment 1.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV09-3069 GHK (CTx)**<br><br>**SUMMONS** |

TO:   DEFENDANT(S):   RETAIL SERVICE ASSOCIATES, INC., et al - See Attachment 1.

A lawsuit has been filed against you.

Within   20   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney,   Shab D Kerendian/Shawn S Kerendian  , whose address is Kerendian & Associates, Inc., 11755 Wilshire Blvd., 15th Floor, Los Angeles, CA 90025  . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  **MAY - 1 2009**

By: _____
**NATALIE LONGORIA**
Deputy Clerk

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1198

---

CV-01A (12/07)                                                      **SUMMONS**

## **SUMMONS - ATTACHMENT 1**

MARK J. ROSEMEYER, an individual; KIM LA FRENIER, an individual;

ANTHONY CERINO III, an individual; MAURINE CERINO, an individual; KEVIN

KRANKALL, an individual; SCOTT GREENBERG, an individual; JOHN BARRETT,

an individual; TD BANK, N.A., a.k.a. TD BANKNORTH, an entity of unknown origin;

CAPITAL RECOVERY GROUP, LLC, a Connecticut limited liability company;

RECEIVABLE MANAGEMENT CORPORATION, a Massachusetts corporation; and

DOES 1 through 40, inclusive

1

SUMMONS - ATTACHMENT 1

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>XYZ DISTRIBUTORS, INC., a California corporation | DEFENDANTS<br>RETAIL SERVICE ASSOCIATES, INC., a Connecticut corporation, et al. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>SHAB D. KERENDIAN / SHAWN S. KERENDIAN<br>KERENDIAN & ASSOCIATES, INC.<br>11755 Wilshire Blvd., 15th Fl., Los Angeles, CA 90025  Tel. 310-9144143 | Attorneys (If Known)<br>Unknown |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No          ☑ **MONEY DEMANDED IN COMPLAINT:** $ 145,952.86 + interest

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Solely state causes because of diversity. 28 U.S.C. 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☑ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

## CV09-3069

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                CIVIL COVER SHEET                                Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

          ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

          ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

          ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Connecticut and Massachusetts |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date April 29, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |